**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOEL NICSON SIAHAAN, | No. 07-71245 |
| Petitioner, | |
| v. | Agency No. A095-630-231 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Yoel Nicson Siahaan, a native and citizen of Indonesia, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from

the immigration judge's ("IJ") decision denying his application for asylum and

withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence factual findings.  *See Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).  We grant in part and deny in part the petition for review and remand.

Siahaan contends he established changed circumstances excusing his untimely asylum application based on the United States' invasion of Iraq, which Siahaan claims increased Muslim violence against Christians in Indonesia, and based on his new position as a church deacon.  With respect to the invasion of Iraq contention, the record does not compel the conclusion that Siahaan established changed circumstances excusing his untimely asylum application.  *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 656–58 (9th Cir. 2007) (per curiam).  With respect to his church deacon contention, however, we are left with no specific direction as to the applicability of 8 U.S.C. § 1158(a)(2)(D) and 8 C.F.R. § 1208.4.  The BIA did not address this argument.  Therefore, we remand for the BIA to consider this issue and determine the merits initially.  *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040–41 (9th Cir. 2005) (BIA is not free to "ignore arguments raised by a petitioner").

Substantial evidence supports the IJ's determination that Siahaan failed to establish a pattern or practice of persecution against Christians in Indonesia because he did not establish "the government was unable or unwilling to control

2

the groups responsible for the violence." *Lolong v. Gonzales*, 484 F.3d 1173, 1180–81 (9th Cir. 2007) (en banc); *see also Wakkary*, 558 F.3d at 1061–62.

In analyzing Siahaan's future fear, the agency declined to apply the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir. 2004), to Siahaan's withholding of removal claim. Intervening case law holds the disfavored group analysis does apply. *See Wakkary*, 558 F.3d at 1062–65. In addition, the BIA should address Siahaan's argument that he would suffer future persecution as a "Westerner" or person associated with America. *See Sagaydak*, 405 F.3d at 1040–41.

Therefore, we grant the petition in part and remand Siahaan's asylum and withholding of removal claims for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–18 (2002) (per curiam).

The government shall bear the costs of this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**